UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DR. SYROUS K. KOOROS                              CIVIL ACTION

VERSUS                                            NO. 08-1444

NICHOLLS STATE UNIVERSITY, ET AL                  SECTION "C" (4)


ORDER AND REASONS

This matter comes before the Court on motion to dismiss or in the alternative motion for summary judgment filed by the defendants, Nicholls State University ("Nicholls State"), Sabrina Laurent, David Boudreaux, Deborah Bordelon, Larry Howell, Shawn Mauldin, Betty Kleen, Katie Leonard, Stephen Hulbert and Robert Alexander.  Having considered the record, the memoranda filed by the parties and the law, the Court has determined that summary judgment is appropriate for the following reasons.

The plaintiff, Dr. Syrous K. Kooros, has filed this lawsuit pro se.  He filed a complaint and an amended complaint. (Rec. Doc. 1, 3).[1]  The plaintiff claims

---

[1] A motion to amend the complaint is pending before the Magistrate Judge. (Rec. Doc. 40).

jurisdiction under the "EEOC" and diversity. (Rec. Doc. 1, ¶ 2-4; Rec. Doc. 3, ¶¶ 3-8). He also claims that he is "a citizen of Louisiana currently residing in the State of Florida [without his choice]." (Rec. Doc. 1, ¶ 1; Rec. Doc. 3, ¶ 1). The Court construes his allegations, especially as set out in "Exhibit V" of both complaints, as including due process violations.

The parties agree that the plaintiff taught at Nicholls State for sixteen years and that a student filed a complaint against the plaintiff at some time in 2007. The University held administrative proceedings on that complaint and other alleged shortcomings in the fall of 2007. At the request of Nicholls State, the plaintiff signed an agreement to take leave without pay from January 2008 to May 2008, at which time he would resign/retire. According to the plaintiff, a few days later this physician provided him with a letter requesting medical leave and the plaintiff submitted a memorandum to Nichols administration rescinding his agreement to go on leave and resign/retire. The plaintiff acknowledges that he received no response and in May 2008, resigned/retired without rescission from Nicholls State. The defendants seek summary judgment on a number of grounds.

First, the defendants argue that diversity is lacking since the plaintiff alleges that he is a Louisiana citizen, as are the defendants. The plaintiff responds that his own

statements are erroneous and that he owns property in Florida. (Rec. Doc. 62, p. 15). The Court rejects the plaintiff's attempt to avoid the defendants' argument. He repeatedly states that he taught at Nicholls State for approximately sixteen years. The Court notes that the plaintiff previously filed a class action suit in this Court in 2001 entitled *Dr. Syrous K. Kooros v. Berger King (Jardel Enterprises), et al*, Civ. Act. 01-3128 "S"(2) in which he also stated that he was a Louisiana citizen in his complaint. Therefore, subject matter in this Court can not be based on diversity.

The defendants next argue that the plaintiff has no claim against Nicholls State because the Board of the UL System is the sole corporate entity empowered and authorized to conduct the universities within the system. La. Rev. Stat. § 17:3217; *Delahoussaye v. New Iberia*, 937 F.2d 144, 148 (5th Cir. 1997). The defendants seek dismissal of all employment-based claims because of the plaintiff's failure to name the proper party, who is otherwise entitled to Eleventh Amendment immunity. The plaintiff disputes this immunity to suit, but without legal authority.[2] See also *Richardson v. Southern University*, 118 F.3d 450 (5th Cir. 1997); *Cantu v. Rocha*, 77 F.3d 795 (5th Cir. 1996). The claims against Nicholls State are subject to dismissal under this law.

In addition, the defendants argue that the plaintiff's employment-based

---

[2] Eleventh Amendment immunity applies to suits filed in federal court only.

3

discrimination claims fail due to his failure to comply with the requirements of Title VII by timely filing a charge with the EEOC and receiving a right to sue letter prior to filing suit. They also argue that individual defendants are not otherwise subject to suit under Title VII. The plaintiff argues that he did not file a complaint with the EEOC because "he was suing the Defendants and they do not have the right to use the University's Counsels." (Rec. Doc. 62, p. 16). Although the Court recognizes that the plaintiff has chosen to proceed unrepresented, it also recognizes that the defendants' argument reflects basic tenets of Title VII discrimination law. *Kiper v. La. State Bd. Of Elementary & Secondary Education*, 592 F.Supp. 1343 (M.D.La. 1984). All claims of discrimination under Title VII are subject to dismissal.

Turning to the due process claims under 42 U.S.C. § 1981 or 1983, it is uncertain whether the plaintiff is suing the individual defendants in their individual capacities, official capacities, or both. The defendants argue that all official capacity claims against the individual defendants are subject to dismissal under the Eleventh Amendment. A suit for monetary damages against a state official or employee in his official capacity is actually a suit against the state itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.2d 452, 466 (5th Cir.

1999). Again, the Eleventh Amendment bars suit against the state in federal court unless the state as waived its immunity. *Cozzo v. Tanipahoa Parish Council-President Government*, 279 F.3d 273, 280 (5th Cir. 2002). Such defendants are not "persons" subject to suit under Section 1983. *Stotter v. University of Texas*, 508 F.3d 812, 821 (5th Cir. 2007); Any official capacity claims are, therefore, subject to dismissal under the law.

With regard to individual capacity claims, the defendants allege that they are entitled to qualified immunity. The plaintiff has the burden to negate the assertion of qualified immunity once it is raised. *Collier v. Montgomery*, __ F.3d __, 2009 WL 1393748 (5th Cir.).

> In *Saucier v. Katz,* the Supreme Court held that a court addressing a claim of qualified immunity must determine first whether the plaintiff has adduced facts sufficient to establish a constitutional or statutory violation before determining "whether [the defendants'] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. In *Pearson v. Callahan*, the Supreme Court has since held that this sequential two-step analysis was no longer mandatory. Instead, lower courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be applied first in light of the circumstances at hand." The Court noted, however, that the *Saucier* formulation often is the appropriate analytical sequence.

*Id.* at *2. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d

736, 741 (5th Cir. 2002). The record lacks specific proof that the defendants were acting in an objectively unreasonable manner for purposes of any individual claim. The Court finds that the defendants are entitled to qualified immunity on any individual capacity civil rights claim.

This is a court of limited jurisdiction. The plaintiff must establish that this Court has subject matter jurisdiction over the suit in order to proceed. In dismissing the plaintiff's suit, the Court does not pass on the defense arguments concerning absolute privilege against defamation claims or prescription. Again, the dismissal based on Eleventh Amendment immunity prevents suit in federal court only. In addition, this ruling does not in any way address the underlying merits of the plaintiff's state law claims over which this Court lacks subject matter and pendent jurisdiction.

Accordingly,

IT IS ORDERED that the motion to dismiss or in the alternative motion for summary judgment filed by the defendants, Nicholls State University, Sabrina Laurent, David Boudreaux, Deborah Bordelon, Larry Howell, Shawn Mauldin, Betty Kleen, Katie Leonard, Stephen Hulbert and Robert Alexander, treated as a motion for summary judgment, is GRANTED. (Rec. Doc. 54).

New Orleans, Louisiana, this 23rd day of July, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE